1  Karl Masek
   10 Hudson St.
2  Annapolis, Maryland 21401

3

4                    **UNITED STATES DISTRICT COURT**

5                        **DISTRICT OF COLUMBIA**

6

7  Karl Masek                                    **Case number:** 1:22-CV-00577

8                      Plaintiff,

9            vs.                                  **FIRST AMENDED CIVIL RICO**

   San Diego Post Master Baldwin, Laguna Beach Post Master Six   **1. CIVIL RICO 18 U.S.C. SECTION 1962**
10                                                                **2. CONSPIRACY 18 U.S.C. SECTION**
   and clerk Yolanda, Rochester, MN, Post Master Packer, General    **1962 (D)**
11 Post Master DeJoy, Attorney General  Becerra, City of Laguna   **3. FRAUD**
                                                                  **4. DEFAMATION**
12 Beach Police officers Ramos, Ferris, McDonald, City of San     **5. INTENTIONAL INFLICTION OF**
                                                                     **EMOTIONAL DISTRESS**
13 Diego Police Chief Jerry Sanders, and officers Morales,        **6. ASSAULT**
                                                                  **7. BREACH OF FIDUCIARY DUTY**
14 Pearson. Wallace, and San Diego City Attorneys Schaffer and

15 Kalinowski, Severson, Lewis, Brisbois, Bisgaard, Smith, and

16 Starr Sinton, AuthorCunningham, County of Riverside deputy

17 Cinnamon Bell and David Bell,  Lake Elsinore Fire Dept.,

18 Christopher Phillips, County of Los Angeles Sheriff Baca, and

19 Deputy Turpin, City of Glendale Police Dept., Chief Castro, San

20 Diego Port Dist., County of San Diego Law Library, California

21 D.M.V., Minnesota Social Services, Maryland Social Services,

22 unknown Female Latina Liberian , and unknown Latina

23 Journalist, and unknown Latina San Diego Deputy Sherriff

   Does 1 through 100
24                      Defendants.

25

26

27

28    FIRST AMENDED CIVIL RICO    1. CIVIL RICO 18 U.S.C. SECTION 1962 2. CONSPIRACY 18 U.S.C
   SECTION    1962 (D) 3. FRAUD  4. DEFAMATION  5. INTENTIONAL INFLICTION OF   EMOTIONAL
   DISTRESS   6. ASSAULT  7. BREACH OF FIDUCIARY DUTY - 1

RECEIVED
Mail Room

APR - 8 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# COMPLAINT

Plaintiff, Karl Masek, alleges as follows:

## NATURE OF CASE

This action arises from the mail fraud perpetrated by each defendant et al., above through conspiracy of illegal criminal acts. Plaintiff is inclined in law for approximately 25 years where each defendant has stalked, threatened, and caused plaintiff great pain and suffering for his hernia due to mail fraud of two California identification cards, and Social Security card in a conspiracy to derail plaintiff's writ of mandate in the District of Columbia Court in 2018-2021, as well as surgery for hernia to present day. Plaintiff has six cases and two other cases that plaintiff pursued in a writ of mandate, however, Defendants retaliated and interfered with threats in <u>Four</u> different States in a conspiracy to violate plaintiffs rights.

## JURISDICTION

1. This court has jurisdiction

   a. The amount in controversy exceeds well over $ 75, 000 pursuant 28 U.S.C. sections 1446 1442, and 1441.

   b. A substantial part of this action under the laws of United States 28 U.S.C. Sections 1446, 1442, 1441, 1331, and 1337.

   c. A substantial part of this litigation arises out of this district pursuant to 28 U.S.C. Sections 1446, 1442, 1441, and 1391 (a) (2).

FIRST AMENDED CIVIL RICO    1. CIVIL RICO 18 U.S.C. SECTION 1962  2. CONSPIRACY 18 U.S.C. SECTION    1962 (D)  3. FRAUD  4. DEFAMATION  5. INTENTIONAL INFLICTION OF    EMOTIONAL DISTRESS  6. ASSAULT  7. BREACH OF FIDUCIARY DUTY - 2

**d.** Defendants have their principle place of business in Laguna Beach Post Office, and San Diego Post Office, Rochester, MN Post Office, Maryland Post Office, and Defendant police agencies pursuant to 28 U.S.C. Section 1446.

## PARTIES

**1.** The plaintiff is a professional in litigation under the laws of the United States with a principal place of business at 10 Hudson St. Annapolis, MD 21401

**a.** Defendant officers are individuals of entities within the State of California, and Defendants are individuals and entities within United States Post offices of the States of California, Minnesota, and Maryland organized under the laws of the State and Federal.

**b.** Upon information and observance of a continuance ongoing corruption of stalking, threats, harassment, and interference with litigation and health by defendants within the States of California, Maryland, Minnesota, and Vermont from 2011 to present.

## NON-PARTIES AFFILIATED WITH DEFENDANTS

**2.** Defendants General Post Master Dejoy, Laguna Beach Post Master Jeremie Six, Clerk Yolanda, San Diego Post Master Lisa Baldwin, Rochester MN., Post Master Joel Packer, Maryland Social Services, Minnesota Social Services, California D.M.V., and County of San Diego Law Library are corporations of State and Federal governments, is affiliated with Attorney General Javier Becarra, San Diego Chief Jerry Sanders, San Diego officers Morales, Pearson, Wallace, San Diego City Attorney Shaffer, City of Laguna Beach officers Ramos, McDonald, Ferris, County of Riverside Deputy Bell and Fire Fighter David Bell, Lewis, Brisbois, Bisgaard, Smith, and attorney Starr Sinton, County of Los

Angeles Sheriff Baca, and deputy Turpin, City of Glendale Police Dept., San Diego Port

Dist., unknown female Latina law librian and unknown Latina Journalist, and unknown

Latina female San Diego Deputy Sheriff are individuals within said entities above.

## FACTUAL ALLEGATIONS

3.  Plaintiff is a professional civil prosecutor, fulfilling essentially all requirements of this

    Court.

4.  This case arose in the States California and Maryland in 2018, where plaintiff pursued a

    writ of mandate against San Diego Chief Jerry Sanders, San Diego officers Morales,

    Pearson, and Wallace, City of Laguna Beach officers Ramos, McDonald, and Ferris,

    County of Los Angeles Sheriff Baca, and County of Riverside deputy Cinnamon Bell and

    Fire Fighter David Bell, Lewis, Brisbois, Bisgaard, Smith, Author Cunningham and

    attorney Starr Sinton, County of Los Angeles Sheriff Baca, deputy Turpin, City of

    Glendale Police Dept., San Diego Port Dist., in which defendant officers conspired with

    unknown female Latina law Liberian, and unknown Latina San Diego Deputy Sheriff to

    stalk, threaten, and harass plaintiffs prior visit to Washington D.C., in 2018, and plaintiffs

    return to States Minnesota and Maryland in 2020-21 to present. Also, defendant San

    Diego City Schaffer explained to plaintiff in prior litigation 2005, that the City of San

    Diego would follow plaintiff wherever he goes. Plaintiff valuable property of prior

    litigation against defendants in two flash drives, and two cell phones was stolen from

    plaintiff on three different occasions, which defendants conspired to interfere with

    plaintiff litigation in 2011 to present, as well as plaintiffs surgery for hernia and health.

5.  This case also arises from the conspiracy of defendant postmasters to commit mail fraud of plaintiffs two California identification card, and Social Security card in a furtherance of corruption to defraud plaintiff of his writ of mandate and surgery for hernia in the States of Minnesota and Maryland in 2020 and 2021. Plaintiff could not litigate defendants officers in prior visit to the State of Maryland in 2018, as well as plaintiffs return in 2020, 2021, where plaintiff was not able to receive his two California identification cards, or Social Security Card 2020-2022.  Also, this made it extremely difficult for plaintiff to get a surgery in the State of Minnesota and Maryland, which has caused great pain and suffering of plaintiff's hernia to this present day.

6.  Defendants acted individually and in concert to defraud plaintiff. Plaintiff has been directly damaged by this conduct of corruption, and has observed prior police defendant officers, and associated family members with unknown female Latina stalking, and making verbal threats towards plaintiff to this present day in the States California, Maryland, Minnesota and Vermont.

7.  Defendants deprived plaintiff of honest services within post offices of San Diego and Laguna Beach, and Rochester MN., which caused government officials to violate their duties of said post offices.

8.  Defendants scheme to defraud plaintiff began in or around 1997, and continues to stalk and threaten plaintiff in the State of Maryland at this present time.

9.  Defendant's scheme was not discovered, or observed by plaintiff until 2018 through 2022, and defendants fraudulent concealment of mail fraud of plaintiffs California I.D., and

Social Security card contributed to plaintiffs delayed surgery for hernia and litigation in the District of Columbia at this present time.

10. Defendant's scheme of mail fraud first occurred with plaintiff Doug DuMaurier legal mail against the City of Laguna Beach in 2010, which was observed by plaintiff. Also, plaintiff observed unknown female Latina Journalist making verbal threats toward plaintiff Doug DuMaurier, John Grow, and plaintiff. In addition, unknown female Latina made verbal threats towards plaintiff while Doug DuMaurier case pending in 2011. Plaintiff discovered and observed in furtherance of corruption to interfere with plaintiffs writ of mandate in Washington D.C., approximately in 2017-18, where unknown Latina female and unknown Caucasian male making verbal threats towards plaintiff in Washington D.C. In addition, plaintiff has watched and observed defendant officers, unknown female Latina, and associated family members stalk, threaten, and harass plaintiff in his return to Minnesota and Maryland in 2020 through 2022. Plaintiff has watched and observed unknown Latina females threats and harassment towards plaintiff in States of California, Vermont, Minnesota, and Maryland in 2011 to present.

11. Plaintiff asserts that the unknown Latina females in the civil **RICO** complaint is in-fact, or family related to the County of San Diego Law Liberian, and San Diego Deputy Sheriff in which plaintiff was stalked, and threatened in the States of California, Minnesota, Maryland and Vermont 2011-2019.

12. Plaintiff asserts that female Latina Journalist who made threats is related, or has knowledge of unknown Latina females of the San Diego law librarian, and San Deputy.

13. Also, plaintiff declares, that in approximately 2006 through 2009, three paralegal female law Liberian's including unknown Latina law Liberian closed the Federal section on the third floor seating of the County law library, and had parties, and meetings with Superior Court Judges twice a week.

14. Prior professional law Libran Michael Kay was indeed wrongfully terminated in his complaint and writ of mandate in 2008-2009, and Michael Kay had knowledge of new law Liberian's evil acts.

15. Plaintiff declares that these evil acts within the San Diego Law Library was done deliberately and intentionally against plaintiff in an attempt to interfere with plaintiff research and litigation from 2005 through 2008, because only plaintiff, and two other attorneys used the Federal third floor section.

16. Defendants Riverside Deputy Cinnamon Bell and Riverside Fire Fighter David Bell moved two houses away from plaintiff and ex-wife Darlene Scott during prior civil rights trial in Menifee, Ca, in which plaintiff has now watched and observed to this current day the stalking of Orange County investigator Cinnamon Bell where she is currently employed.

17. Defendant City of San Diego police officer Ray Morales was deliberately and intentionally promoted to detective two weeks prior to civil trial in 2001 without plaintiffs knowledge. Also, Chief Jerry Sanders resigned after summary judgment, as well as San Diego City Attorney Sim Von Kalinowski promotion to Superior Court Judge after summary judgment. Plaintiff has now watched and observed defendant Ray Morales stalking in 2019 to present, as an investigator for the City of San Diego Attorneys Office.

**18.** Defendants Lewis, Brisbois, Bisgaard, Smith, and plaintiffs trial attorney Starr Sinton altered pictures before trial without plaintiffs knowledge. Also, attorney Starr Sinton entered U.C.S.D. photograph school while plaintiffs case was pending.

**19.** Lake Elsinore Fire Fighter made a declaration, that plaintiff got a ass kicking from deputy Bell, but never testified in plaintiffs dismissal of criminal trial in 2005. Approximately four years later Cristopher Phillips testifies in federal civil trial, that plaintiff received a scratch. Nevertheless, plaintiffs pictures of face was altered in trial by Starr Sinton, and there was a agreement with defense counsel Cunningham, because defense counsel had no original pictures of plaintiff. Plaintiff would add, that the original pictures where taken by Riverside Sheriffs.

**20.** Plaintiff was given four cigarette tickets once every month, and was subjected to pat-down searches all four times. After plaintiff submitted civil complaint unknown detective in unmarked patrol vehicle harassed plaintiff several times with a new partner on passenger side. Also, unknown Caucasian red head detective stopped by stating my name when plaintiff never told this Glendale detective his name. Plaintiff feared for his life, because plaintiff assumed this particular Glendale detective was going to commit excessive force, or possibly excessive force where plaintiff went back to San Diego in which he feared for his safety.

**21.** Two weeks before federal civil trial against officer Morales San Diego City Attorney Maria Severson did not advise plaintiff that officer Morales was in deed a detective. Also, approximately in 2005 in a federal civil case against detective Wallace, San Diego City

Attorney Schaffer advised plaintiff in a settlement meeting that the City would follow plaintiff wherever he goes.

## FIRST CLAIM

**Federal Civil Rico violation pursuant to 18 U.S.C. Section 1962 Defendants City of San Diego Chief Jerry Sanders, and officers Morales, Pearson, and Wallace, San Diego City Attorneys Shaffer and Kalinowski, City of Laguna Beach Police Officers Ramos, McDonald, and Ferris, County of Riverside Deputy Cinnamon Bell and Fire Fighter David Bell, Lewis, Brisbois, Bisgaard, Smith, and attorney Starr Sinton, County of Los Angeles Sherriff Baca, Deputy Turpin, City of Glendale Police Dept., San Diego Port Dist., California D.M.V., Attorney General Becerra, San Diego Post Master Baldwin, Laguna Beach Post Master Six, Rochester, MN Post Master Packer, General Post Master Dejoy, Minnesota Social Services, Maryland Social Services, California D.M.V., and unknown female Latina Liberian.**

**22.** Each Defendant is a person capable of holding legal or beneficial interest in property within the meaning of 18 U.S.C. Section 1961.

**23.** Each Defendant violated 18 U.S.C. Section 1962 (c), by the acts described in the prior paragraphs, as further described below.

**24. The Enterprise**: Defendants is an enterprise engaged in racketeering within the meaning of 18 U.S.C. Section 1961, and as a government controlled company, is an instrumentality of the United States Post Office. While Defendants is legitimate business separate and apart from the pattern of racketeering, Defendants, through their continuing pattern of

racketeering activity set forth herein, infiltrated the company, associated with it and

managed it for their own illegal purposes.

**25. Pattern of Racketeering Activity**: Defendants, each of whom are persons associated

with, or employed by Defendants and did knowingly, willfully, and unlawfully conduct or

participate, directly, or indirectly, in its affairs through a pattern of racketeering activity

with the meaning of 18 U.S.C. Section 1961, and 1962. The racketeering activity was

made possible by Defendants regular and repeated use of Defendants personnel, facilities

and services. Defendant's had the specific intent to engage in the substantive RICO

violation alleged herein.

**26.** Predicate acts of racketeering activity are acts which are indictable under provisions of the

U.S. Code enumerated in 18 U.S.C. Section 1961, as more specifically alleged below.

Defendants each committed at least two such acts or else aided and abetted such acts.

**27.** The acts of racketeering were not insolated, but rather the acts of Defendants were related

in that they had the same or similar purpose and result, participants, victims and method

of commission. Further, the acts of racketeering by Defendants have been continuous.

There was repeated conduct during a period of time beginning in approximately 1997, and

continuing to present, and there is a continued threat of repetition of such conduct.

**28.** Plaintiff specifically alleges that Defendants participated in the operation and

management of DeJoy by overseeing and coordinating the commission of multiple of

racketeering as described below.

**29. Predicate Act**: Use of Mails to defraud plaintiff in violation of 18 U.S.C. Section 1341

and 1343. Plaintiff repeats and re-avers each and every statement contained in complaint.

FIRST AMENDED CIVIL RICO     1. CIVIL RICO 18 U.S.C. SECTION 1962  2. CONSPIRACY 18 U.S.C.
SECTION    1962 (D) 3. FRAUD  4. DEFAMATION  5. INTENTIONAL INFLICTION OF      EMOTIONAL
DISTRESS   6. ASSAULT  7. BREACH OF FIDUCIARY DUTY - 10

30. **Predicate Act**: Travel in furtherance of scheme to defraud in violation of 18 U.S.C. Section 1952. Plaintiff repeats and re-avers each and every statement contained in complaint.

31. Continuity of conduct: Defendants violations of State and Federal law as set forth herein, each of which directly and proximately injured plaintiff and other agency participants, constituted a continuous course of conduct spanning a period from approximately 1997 through 2022, which was intended to obtain money or property through false representations, fraud, deceit, and other improper and unlawful means, Therefore, said violations were part of a pattern of racketeering activity under 18 U.S.C. Section 1961.

32. These acts were done intentionally and knowingly with the specific intent to advance Defendants scheme or artifice.

33. Upon information and belief, Defendants have conducted and/or participated, directly or indirectly, in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activity as defined herein in violation of 18 U.S.C. Section 1962 (c).

34. The unlawful actions of defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injury to plaintiff in its business. Plaintiff seeks an award of damages in compensation for, among other things, millions of dollars on flash drives Defendants stole from plaintiff, as well as interfering with plaintiff's litigation in the District of Columbia, and to defraud plaintiff.

35. Plaintiff accordingly seeks an award of three times the damages it sustained, and the recovery of reasonable attorney fees and cost of investigation and litigation, as well as any other relief as authorized by statute.

FIRST AMENDED CIVIL RICO     1. CIVIL RICO 18 U.S.C. SECTION 1962  2. CONSPIRACY 18 U.S.C. SECTION     1962 (D)  3. FRAUD  4. DEFAMATION  5. INTENTIONAL INFLICTION OF     EMOTIONAL DISTRESS   6. ASSAULT  7. BREACH OF FIDUCIARY DUTY - 11

**36.** Plaintiff has been injured and continues to be injured in its business and property by Defendant's conspiracy in violation of 18 U.S.C. Section 1962 (d). The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to plaintiff in its business or property, and health. Plaintiff seeks an award of damages in compensation for, among other things, the millions of dollars that Defendants stole and interfered from plaintiff. Plaintiff further seeks an award of three times the damages they sustained, and the recovery of reasonable attorneys fees and cost of investigations, as well as, any other relief as authorized by statute.

## SECOND CLAIM

**Conspiracy to Violate Federal Civil Rico, 18 U.S.C. Section 1962 (d), Defendants City of San Diego Chief Jerry Sanders, and officers Morales, Pearson, and Wallace, San Diego City Attorneys Shaffer and Kalinowski, City of Laguna Beach Police officers Ramos, McDonald, Ferris, County of Riverside Deputy Bell and Fire Fighter David Bell, Lewis, Brisbios, Bisgaard, Smith, and attorney Starr Sinton, Lake Elsinore Fire Dept., County of Los Angeles Sheriff Baca, Deputy Turpin, City of Glendale Police Dept., San Diego Port Dist., San Diego Post Master Baldwin, Laguna Beach Post Master Six, Rochester Post Master Packer, Maryland General Post Master Dejoy, Minnesota Social Services, Maryland Social Services, and unknown female Latina Liberian.**

**37.** Plaintiff incorporates by reference all the preceding paragraphs of this complaint as if fully set forth herein.

FIRST AMENDED CIVIL RICO     1. CIVIL RICO 18 U.S.C. SECTION 1962 2. CONSPIRACY 18 U.S.C. SECTION     1962 (D) 3. FRAUD 4. DEFAMATION 5. INTENTIONAL INFLICTION OF     EMOTIONAL DISTRESS 6. ASSAULT 7. BREACH OF FIDUCIARY DUTY - 12

**38.** In violation of 18 U.S.C. Section 1962 (d), the Defendant Post Master Dejoy, Post Master Baldwin, Post Master Six, Post Master Packer, and police officers Chief Sanders, officer Ray Morales, Sergeant Ramos, officer McDonald, Deputy Bell, Los Angeles Sheriff Baca, City of Glendale Police Dept., San Diego Port., Minnesota Social Services, Maryland Social Services, and unknown Latina female, and each of them, knowingly, willfully, and unlawfully conspired to facilitate a scheme which included the operation of a RICO enterprise through a pattern of racketeering activity as alleged in paragraphs 11 through 34 above.

**39.** The conspiracy commenced at least as early as 1997, and is ongoing.

**40.** The conspiracy purpose was divert money, property, and interfere with plaintiff litigation to their own benefit in a effort to defraud plaintiff.

**41.** Each defendant committed at least one overt act in furtherance of such conspiracy. These acts in furtherance of the conspiracy included, misleading plaintiff as to the true purpose towards plaintiff by participating and negotiating towards a scheme to defraud plaintiff of his identification, health, property, and litigation by traveling in three different States to facilitate and manage the scheme to defraud plaintiff as described above.

**42.** Even if some defendants did not agree to harm plaintiff specifically, the purpose of the acts they engaged in was to advance the overall object of the conspiracy, and the harm to plaintiff was reasonably foreseeable consequence of defendant's action.

**43.** Plaintiff has been injured and continues to be injured in its business and property by Defendant's conspiracy in violation of 18 U.S.C. Section 1962 (d). The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and

continue to cause injuries to plaintiff in its business or property, and health. Plaintiff seeks

an award of damages in compensation for, among other things, the millions of dollars that

Defendants stole and interfered from plaintiff. Plaintiff further seeks an award of three

times the damages they sustained, and the recovery of reasonable attorney's fees and cost

of investigations, as well as, any other relief as authorized by statute.

## THIRD CLAIM

## FRAUD

**Defendants City of San Diego Chief Jerry Sanders, officers Morales, Pearson, Wallace, San Diego City attorneys Shaffer and Kalinowski,  City of Laguna Beach Police Officers Ramos, McDonald, Ferris, County of Riverside Deputy Cinnamon Bell and Fire Fighter David Bell, Lake Elsinore Fire Dept., County of Los Angeles Sheriff Baca, and deputy Turpin, City of Glendale Police Dept., San Diego Port Dist., Attorney General Becerra, California D.M.V., General Post Master Dejoy, San Diego Post Master Baldwin, Laguna Beach Post Master Six, Minnesota Post Master Packer, Minnesota Social Services, Maryland Social Services, and unknown female Latina Liberian**

44. Plaintiff incorporates by reference all the preceding paragraphs of this complaint as if
    fully set forth herein.

45. Defendant's United States Post Masters, and California police agencies, upon information,
    observation, and belief, knowingly, and intentionally misled plaintiff by failing to disclose
    California identification cards, and Social Security card by said agencies above.

46. Defendants intentionally concealed plaintiffs identification cards and Social Security Card
    from plaintiff because they intended to misled plaintiff into relying upon the services of

FIRST AMENDED CIVIL RICO    1. CIVIL RICO 18 U.S.C. SECTION 1962 2. CONSPIRACY 18 U.S.C.
SECTION    1962 (D) 3. FRAUD 4. DEFAMATION 5. INTENTIONAL INFLICTION OF    EMOTIONAL
DISTRESS  6. ASSAULT 7. BREACH OF FIDUCIARY DUTY - 14

its senior officials and senior officials of the United States Government and further sought to induce plaintiff to surgery for his hernia.

47. Plaintiff justifiably relied upon Defendants intentional concealment of I.D.s and Social Security Card in that plaintiff continued to use the services of its senior officials and senior officials of the United States Post Office including one or more such individuals of the United States Post Offices. Plaintiff did so in the justifiable belief that he was receiving honest services from the United States Post office and senior officials and senior officials of the United States Government.

48. Defendants conduct was willful, wanton, malicious, and oppressive.

49. Defendants unlawful conduct has directly, legally, and proximately caused and continues to cause injuries to plaintiff in business and property. Accordingly, plaintiff seeks an award of damages in compensation for, among other things, Defendants stole from plaintiff. Further, plaintiff seeks the imposition of punitive damages sufficient to deter Defendants from committing such unlawful conduct in the future.

## FOURTH CLAIM

## DEFAMATION

50. Plaintiff incorporates herein by reference and reallege the allegations stated of this complaint.

51. Defendants during all relevant times willfully, without justification and without privilege caused to be communicated false or misleading statements about plaintiff to persons other than plaintiff.

FIRST AMENDED CIVIL RICO    1. CIVIL RICO 18 U.S.C. SECTION 1962 2. CONSPIRACY 18 U.S.C. SECTION    1962 (D) 3. FRAUD 4. DEFAMATION 5. INTENTIONAL INFLICTION OF    EMOTIONAL DISTRESS 6. ASSAULT 7. BREACH OF FIDUCIARY DUTY - 15

**52.** Those statements suggested that plaintiff had committed a crime, and or the statements tended to threaten and injure plaintiff in respect to their profession, trade or business.

**53.** Defendants failed to use reasonable care to determine the truth or falsity of the statements.

**54.** Defendants wrongful conduct was a substantial factor in causing actual and assumed damages.

**55.** In making the statements, Defendants acted with threats, malice, oppression, or fraud. Wherefore, plaintiffs pray for relief as set forth below.

## FIFTH CLAIM

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**56.** Plaintiff incorporates herein by reference and realleges the allegations stated in this complaint.

**57.** Defendants unknown female Latina, and police individuals and Post office individuals intentionally inflicted emotional distress on plaintiff through the conduct alleged herein, including the threatening of his life statements.

**58.** Defendants conduct was outrageous.

**59.** Defendants intended to cause plaintiff emotional distress, or acted with reckless disregard of the probability that plaintiff would suffer emotional distress .

**60.** Plaintiff suffered severe emotional distress .

**61.** Defendants acted with malice, oppression, or fraud.

## SIX CLAIM

## ASSUALT

FIRST AMENDED CIVIL RICO     1. CIVIL RICO 18 U.S.C. SECTION 1962  2. CONSPIRACY 18 U.S.C. SECTION     1962 (D)  3. FRAUD  4. DEFAMATION  5. INTENTIONAL INFLICTION OF     EMOTIONAL DISTRESS  6. ASSAULT  7. BREACH OF FIDUCIARY DUTY - 16

**62.** Plaintiff incorporates herein by reference and reallege the allegations stated in this complaint

**63.** Defendant police individuals and unknown female Latina acting as a agent threatened physical harm towards plaintiff.

**64.** It reasonably appeared to plaintiff that defendants to carry out there threat.

**65.** Plaintiff did not consent to defendants conduct.

**66.** Defendants conduct was a substantial factor in causing harm to plaintiff.

**67.** Defendants acted with malice, oppression, or fraud.

Wherefore, plaintiff prays for relief as Court deems proper.

## SEVENTH CLAIM

## BREACH OF FIDUCIARY DUTY

**68.** Plaintiff adopt and reassert the allegations contained in this complaint as if fully set forth herein.

**69.** As a result of Defendant's post office workers had an obligation to receive and deliver plaintiffs identification cards and Social Security Card, in which a fiduciary relationship existed between parties whereby defendant post officers had a fiduciary duty to plaintiff and was duty bound to act with the utmost good faith for the benefit of plaintiff.

**70.** Defendants breached their fiduciary duty to plaintiff by converting and misappropriating plaintiffs identification cards and Social Security Card for their own personal use and enjoyment.

FIRST AMENDED CIVIL RICO     1. CIVIL RICO 18 U.S.C. SECTION 1962  2. CONSPIRACY 18 U.S.C
SECTION     1962 (D)  3. FRAUD  4. DEFAMATION  5. INTENTIONAL INFLICTION OF     EMOTIONAL
DISTRESS   6. ASSAULT  7. BREACH OF FIDUCIARY DUTY - 17

**71.** Defendant Post Masters, as the principle responsible for the acts of its agents post office workers, is vicariously liable to plaintiff for the harm caused to plaintiff as the result of defendants breach of their fiduciary duties to plaintiff.

**72.** In the alternative, defendant post masters is liable to plaintiff for harm caused to plaintiff as a result of the breach of fiduciary duties to plaintiff committed by post office workers as apparent or ostensible agents of Post Masters.

**73.** Plaintiff has been damaged in an amount to be proven at trial as a result of defendants breach of fiduciary duty to plaintiff.

**74.** In addition, plaintiffs damages are ongoing and increasing due to defendants contractual obligations to provide U.S. mail to plaintiff.

**75.** Plaintiff requests a Court order for U.S. Marshal service of summons due to plaintiffs indigence to said defendants above.

**76.** Plaintiff request for a Court order to proceed In Form Pauperis due to plaintiffs indigence.

**77.** Finally, plaintiff requests for a Court order of no repercussions of stalking, threats, or verbal threats towards plaintiff by said defendants while case pending.

**78.** Plaintiff would request that this Court file this as original complaint, because plaintiff mistakenly did not name Severson, Castro, and Phillips.

**79.** Plaintiff will prove during trial that this first amended civil RICO complaint is evident upon its face.

FIRST AMENDED CIVIL RICO    1. CIVIL RICO 18 U.S.C. SECTION 1962 2. CONSPIRACY 18 U.S.C. SECTION    1962 (D) 3. FRAUD 4. DEFAMATION 5. INTENTIONAL INFLICTION OF    EMOTIONAL DISTRESS  6. ASSAULT 7. BREACH OF FIDUCIARY DUTY - 18

1

2     I, Karl Masek, declare under penalty and perjury that these statements are true and correct to

3  the best of my knowledge.

4

5                              Respectfully Submitted,

6

7

8                              **KARL MASEK**

9                              **In Pro Se**

10

11

12  **Date 04-06-22**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28      FIRST AMENDED CIVIL RICO     1. CIVIL RICO 18 U.S.C. SECTION 1962  2. CONSPIRACY 18 U.S.C.
SECTION     1962 (D)  3. FRAUD  4. DEFAMATION  5. INTENTIONAL INFLICTION OF     EMOTIONAL
DISTRESS  6. ASSAULT  7. BREACH OF FIDUCIARY DUTY - 19